JAMES HAINING *vs.* TURNER CENTRE SYSTEM.
MARION HAINING *vs.* SAME.

MARCH 21, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.  These two cases tried together are here on plaintiff's exception in each case to the direction of a verdict for defendant.

The actions arose from the negligent operation of the defendant's automobile truck on October 12, 1925, by one of its employees, Palogelli. Plaintiff Marion, wife of plaintiff James, suffered injuries and James lost her services.

Defendant was engaged in the milk and cream business

482

employing about one hundred and twenty people of whom Palogelli was ordinarily an inside man. He was never authorized or asked to drive the truck by defendant and in doing so was violating express orders. Plaintiff Marion was on a sidewalk in the exercise of due care. The truck operated by Palogelli ran upon the sidewalk and injured her.

Plaintiffs did not claim defendant was liable because of the employment of incompetent servants. Their cases rested solely upon the doctrine of *respondeat superior* asserting defendant's liability for the negligent act of its servant acting within the scope of his employment. The defense was not disobedience of instructions or departure from regular course of employment. It was denial that the servant in operating the truck was acting within the scope of his employment.

Whether an act is within such scope is often difficult to ascertain. Such question is ordinarily one for a jury, *DeNezzo* v. *General Baking Co.*, 138 Atl. 127 (Conn.) cf. *Russell* v. *Cavaca*, 137 Atl. 778, but its submission is not warranted unless agency *prima facie* presumed stands undisputed, or plaintiff offers evidence that the servant acted within the scope of his employment or facts upon which to base a reasonable ground for inference thereof. In the absence of such presumption, evidence, or basis of fact for inference, a verdict must be directed for defendant. *Callahan* v. *Weybosset Pure Food Mkt.*, 47 R. I. 361.

In the trial of these cases plaintiffs presented no evidence that Palogelli was acting within the scope of his employment at the time of the accident. They relied upon the presumption thereof arising from defendant's ownership of the truck and operation by its employee. *Giblin* v. *Dudley Hardware Co.*, 44 R. I. 371; *Callahan* v. *Weybosset Pure Food Mkt.*, *supra*.

Defendant then offered evidence which was not disputed, which showed no inherent improbability, and the truth of which a reader of the record sees no reason to doubt. It showed that on the day in question one Arrighie, the regularly em-

ployed truck driver, had his regular helper Knowlton, but needed more aid and asked for another "striker". Palogelli, unfamiliar with the operation of the truck and who had no license to operate a motor vehicle, was sent with them. He had been so used on other occasions but never had driven the truck. Knowlton had worked on the truck three years but had never driven. The truck was stopped by Arrighie while he went into a store to collect a bill. In his absence, and without his consent or knowledge, Palogelli, thinking to expedite deliveries by driving to the next customer, started the truck, tried to drive around the corner into another street, lost control of the truck and ran upon the sidewalk and plaintiff Marion.

On the above state of the evidence the court ruled that the presumption of agency upon which the plaintiff relied had been dissipated by positive evidence; that no question remained for the jury to pass upon, and directed a verdict for defendant in each case.

Plaintiff in here arguing that the Superior Court should not have directed a verdict has called attention to actions charging liability for employment of known incompetent or disobedient servants, ratification of unauthorized acts and failure to give orders which knowledge of propensities or due care required. 18 R. C. L. 797-8. Such cases are based upon the master's own act or failure to act. The present charge is that the employee committed the tort while engaged in the work which the master employed him to do. To establish plaintiffs' cases, they must offer evidence which shows or which warrants inference that the servant, while doing the wrongful act, was engaged in the work which the employer expressly or impliedly hired him to do. Plaintiffs claims are that at the time of the accident Palogelli, as a helper or "striker", was engaged upon his master's business that he was not on a frolic of his own; that in operating the truck he intended to act in furtherance of his master's business and the fact that he disobeyed instructions or used poor judgment does not exonerate the master. Plain-

tiffs relied upon *Adams Express Co.* v. *Lansburgh & Bro.*, 49 D. C. App. 144 and *DeNezzo* v. *General Baking Co.*, *supra*. See also 18 R. C. L. 798.

In the Adams Express Co. case the court found warrant in the testimony for inference that the helper was left in charge of the truck and his act in starting it even contrary to orders was within the general scope of his employment. In the DeNezzo v. General Baking Co. case a foreman of a bakery, unlicensed to operate a car and forbidden to use his employer's automobile, was held to be acting within the scope of his employment when operating his master's car to go after yeast in an emergency. Both cases assert that the employee was acting in furtherance of the master's business. This alone is not enough. It also must appear that the means of furtherance have been expressly or impliedly entrusted to the employee. If a servant is employed only as a helper on a truck, implied authority to drive the truck on the public highways is not a warrantable inference from such hiring. To find that operation of the truck is within the scope of such servant's employment it must be shown to be included in the general type of service in which the servant is engaged. *Stone* v. *Comm. Coal Co.*, 259 Mass. 360. Operating a motor vehicle is not a task to be entrusted to every employee. It requires special skill. One may not operate alone without permission from the State until after he has passed an examination to establish his qualifications as a driver. Operation on public highways without a license is contrary to law and the jury may not be permitted to infer from the mere presence of the helper on the truck that the employer impliedly authorized him to do an act in violation of law, nor can the mere fact that injury is done by a servant while using the master's property in what he honestly believes to be the latter's service warrant an inference of authority in the face of evidence that the servant is acting outside the scope of his employment. *Boettcher* v. *Best & Co.*, 197 N. Y. S. 1. The intention of the servant to further the master's business, however laud-

able, may not make the master responsible for the servant's torts unless committed while acting within the bounds of duties expressly or impliedly entrusted to him. *O'Laughlin* v. *Mackey*, 169 N. Y. S. 835.

Sending Palogelli to act as a second "striker" on the truck warranted no inference of authority in him to drive. In driving he was neither doing what he was hired to do nor was he doing his assigned work in a way he could be expected to do it. Implied authority to operate a motor truck may not be found and the owner made liable for negligent operation of the truck without his knowledge and against his will solely because the driver is an employee, authorized to be upon the truck. *Butler* v. *Mechanics Iron Foundry*, 259 Mass. 560. Plaintiffs offered no evidence warranting an inference of authority in Palogelli to operate the truck. Such evidence could not be supplied by saying that the jury might have discredited Palogelli's testimony that he was ordered not to drive, nor could its place be taken by plaintiffs' difficulty in procuring evidence indicative of authority to operate or defendant's failure to anticipate and warn its employees against unauthorized and not to be anticipated acts. Palogelli's act was a violation of his duty both to plaintiffs and defendant. It was not defendant's act because outside the scope of Palogelli's employment. *Seaboyer* v. *Director General of R. R.*, 244 Mass. 122; *Butler* v. *Mechanics Iron Foundry*, *supra*, accord cf. *Esposito* v. *American Ry. Express Co.*, 185 N. Y. S. 353; *Dearborn* v. *Fuller*, 107 Atl. (N. H.) 607.

Plaintiffs' exception in each case is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Charles F. Risk*, for plaintiff.
*John A. Tillinghast*, for defendant.