CITY NATIONAL BANK OF CONNECTICUT *v.* GENEVIEVE HENDERSON ET AL.
(2323)

DANNEHY, C.P.J., TESTO and BORDEN, Js.

Argued October 14—decision released December 20, 1983

*Jason E. Pearl,* with whom, on the brief, was *Alan L. Robertson, Jr.,* for the appellant (named defendant).

*Richard S. Scalo,* with whom, on the brief, were *Abraham I. Gordon* and *Ronald Japha,* for the appellee (plaintiff).

*William J. Sweeney, Jr.,* for the appellee (defendant Frank E. Hess).

PER CURIAM. By writ dated September 7, 1976, the plaintiff brought suit seeking, among other remedies, foreclosure of a judgment lien on the real property of the defendant Genevieve Henderson.[1] The case was

---

[1] By amended complaint and with permission of the court, the plaintiff cited in Donald J. Henderson as a party defendant who, along with the named defendant, holds legal title to the subject premises. Also named as defendants were certain creditors of Genevieve and Donald Henderson.

nonsuited on September 15, 1980, for the failure of the plaintiff's counsel to appear at a pretrial hearing.[2] The plaintiff moved to set aside the nonsuit. On October 6, 1980, the court, *N. O'Neill, J.*, granted the motion. The order stated that the motion is "granted upon payment of $10 costs to Donald J. Henderson by the plaintiff."

The foreclosure action proceeded to hearing, after which the court, *Brennan, J.*, on January 20, 1981, rendered judgment of foreclosure by sale with the sale date set for July 18, 1981. Ten days before the scheduled sale date, the defendant Genevieve Henderson filed a motion to open the judgment of foreclosure for lack of jurisdiction, claiming that the order of nonsuit has remained in effect since the plaintiff never paid the defendant Donald Henderson ten dollars for costs. The motion was denied. Genevieve Henderson took exception to the ruling and filed this appeal.[3]

While her appeal was being pursued in this court, the Superior Court for the judicial district of Hartford-New Britain at New Britain, *Dorsey, J.*, heard the matter of *Savings & Loan Association of Southington, Inc.* v. *Henderson*, No. 82-0405684, and rendered, in favor of the first mortgage holder, a judgment of foreclosure of the real property at issue in the present appeal. The premises were sold at public auction on October 1, 1982, and conveyed to the successful bidder on November 9, 1982. Neither party here on appeal made claim to the sale proceeds which were distributed by the court on October 23, 1983.

On this state of the record, the first issue we must address is whether the present litigation has been rendered moot. It is well settled that the existence of an actual controversy is essential for appellate jurisdic-

[2] A judgment, however, was never entered on the nonsuit.

[3] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tion. See *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 249, 440 A.2d 310 (1982); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). As we recently stated in *Groesbeck* v. *Sotire,* 1 Conn. App. 66, 68, 467 A.2d 1245 (1983), "[t]his court will not entertain academic questions." An actual controversy must exist, not only at the time the appeal is taken, but also throughout the pendency of the appeal. *Southbury* v. *American Builders, Inc.,* 162 Conn. 633, 634, 295 A.2d 566 (1972).

The foreclosure sale subsequent to the filing of this appeal has rendered moot any controversy existing between the parties. The plaintiff's judgment lien was extinguished by the mortgage foreclosure sale and the defendant can no longer prevent that which has already occurred. A decision on the merits would not result in either actual relief or practical relief to the parties.

The appeal is dismissed.