HOUSING AUTHORITY OF THE CITY OF NEW HAVEN *v.*
P. JOSEPH PERARO, COMMISSIONER OF THE
DEPARTMENT OF LABOR, ET AL.
(12693)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued April 2—decision released May 13, 1986

*Eugene N. Sosnoff,* for the appellant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellees (named defendant et al.).

*J. William Gagne, Jr.,* with whom, on the brief, was *Debra A. Brown,* for the appellees (defendant Dominick Lucenti et al.).

PER CURIAM. This case is an action for a permanent injunction to enjoin the defendants and all persons acting on their behalf from proceeding with arbitration under the aegis and control of the defendant Connecticut state board of mediation and arbitration. The plaintiff, the housing authority of the city of New Haven, sought the replacement of the defendant board, which was the arbitrator designated in the plaintiff's collective bargaining agreement with the defendant unions, Local 713 of Council 4, AFSCME, AFL-CIO and Council 4, AFSCME, AFL-CIO, with some other unspecified fair and impartial arbitrators.[1] The plaintiff has

---

[1] In addition to the board of mediation and arbitration and the unions, the defendants were: P. Joseph Peraro, as commissioner of the Connecti-

appealed from the judgment of the trial court, which, after an extensive hearing, found the issues for the defendants. We find no error.

The underlying issue at trial and on this appeal is whether the defendant board's system for scheduling the arbitration of grievances manifested such partiality toward the defendant unions as to require the total disqualification of the defendant board and the appointment of some other arbitral tribunal. The trial court in a lengthy and detailed memorandum of decision; *Housing Authority* v. *Peraro,* 40 Conn. Sup. 365, 509 A.2d 569 (1986); fully addressed this issue and, relying in part on its appraisal of the credibility of the witnesses, concluded that the plaintiff had not established its right to obtain the sweeping relief that it sought. It bears emphasis that the trial court did not condone the manner in which the board had implemented its decision to allocate scarce resources for the hearing of grievances. We agree with the trial court that the board's scheduling arrangements, to the extent that they were not fully disclosed to all affected parties, departed from fair and sound administrative practices and procedures. We also agree with the trial court, however, that the plaintiff has failed to prove its allegations of resultant bias and prejudice in the entire panel of gubernatorially appointed arbitrators.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that there is no error in the judgment from which the appeal was taken. We adopt the well reasoned decision of the trial court as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion therein contained.

There is no error.

cut department of labor; the Connecticut department of labor; A.D. Joseph Emerzian, as chairman of the board of mediation and arbitration; and Dominick Lucenti, as deputy director of Council 4, AFSCME, AFL-CIO.