DONALD FIDDELMAN *v.* POPCORN REDMON
(AC 18920)

Foti, Hennessy and Zarella, Js.

Argued April 28—officially released August 22, 2000

*Popcorn Redmon*, pro se, the appellee (defendant).

*Kathleen A. Hogan*, for the appellee (plaintiff).

PER CURIAM. The defendant, Popcorn Redmon, appeals from postjudgment orders effectuating portions of a dissolution of marriage judgment relating to the disposition of the former marital home owned by Redmon and the plaintiff, Donald Fiddelman. The plaintiff contends that intervening events have rendered the appeal moot. We agree and dismiss the appeal.

The parties were divorced in 1991 and the dissolution judgment provided that the parties' jointly owned home was to be sold, and that the defendant was to be paid $250,000 from the proceeds.[1] Claiming that the defendant's refusal to cooperate had hindered a sale, the plaintiff filed a motion in 1998 seeking, among other things, that the ownership of the home be transferred solely to him, but that the requirements of the original judgment regarding payment to the defendant continue. The plaintiff also sought orders concerning the removal of the defendant's personal property, which was still in the home. The trial court ordered that ownership of the home be vested solely in the plaintiff and that the

---

[1] This court affirmed the dissolution judgment and ordered it modified in *Fiddelman* v. *Redmon*, 31 Conn. App. 201, 623 A.2d 1064, cert. denied, 226 Conn. 915, 628 A.2d 986 (1993), and affirmed a modification in *Fiddelman* v. *Redmon*, 37 Conn. App. 397, 656 A.2d 234 (1995).

defendant still receive the money to which she was originally entitled, and entered orders concerning the disposition of the defendant's personal property. The defendant now appeals from those orders.

The plaintiff contends that intervening events have rendered the appeal moot. He claims that on June 18, 1999, new orders entered as to the removal of the defendant's personal property, which have superseded those challenged in this appeal, and that the new orders have been carried out by the defendant. In addition, the marital home has been sold.

"Since mootness implicates subject matter jurisdiction; *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988); it can be raised at any stage of the proceedings. See *Sobocinski* v. *Freedom of Information Commission*, 213 Conn. 126, 134–35, 566 A.2d 703 (1989). We have consistently held that we do not render advisory opinions. If there is no longer an actual controversy in which we can afford practical relief to the parties, we must dismiss the appeal. *Sadlowski* v. *Manchester*, [supra, 583]. . . . *Board of Education* v. *New Haven*, 221 Conn. 214, 216, 602 A.2d 1018 (1992). . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . . *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 439 n.3, 685 A.2d 670 (1996)." (Citation omitted; internal quotation marks omitted.) *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission*, 240 Conn. 1, 6–7, 688 A.2d 314 (1997).

In the present case, the order concerning the removal of the defendant's property from which she has appealed has been modified, and the property has now been removed by the defendant. No practical relief can therefore be afforded on the defendant's claim. In addition, the sale of the home has now been completed,

and a closing has taken place. The order from which the defendant appeals concerns only the method of selling the home. Accordingly, because of the sale of the home, no relief can be afforded and the appeal is dismissed as moot.

The appeal is dismissed.