Leo NORTON et al.,

v.

Russell J. BOYLE.

No. 99–457–Appeal.

Supreme Court of Rhode Island.

March 16, 2001.

Aram R. Schefrin, Providence, for Plaintiff.

James H. Reilly, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

In a case challenging the existence and scope of an agent's authority, should the trial justice have entered judgment as a matter of law? The plaintiff, Leo Norton (Norton), an employee of the Russell J. Boyle and Son Funeral Home, Inc. (funeral home), appeals from a judgment entered in favor of the defendant, Russell J. Boyle (Boyle), the retired founder of the funeral home. Norton contends that the trial justice erred in granting judgment as a matter of law in favor of Boyle because the question of whether Boyle was acting as an agent of the funeral home when his conduct injured Norton should have been submitted to the jury. Following a prebriefing conference, a single justice of this Court directed both parties to show cause why the appeal should not be summarily

decided. Because they have not done so, we proceed to decide the appeal at this time.

## Facts and Travel

Assisting at wakes and funerals, Norton worked for approximately twenty years as a part-time pall bearer and limousine driver for the funeral home. On March 24, 1995, he was assigned to work as a pall bearer and family limousine driver for a funeral held at Swan Point cemetery in Providence. Norton drove the limousine containing close family members of the deceased to the cemetery and parked it behind the hearse. The hearse was parked behind the priest's car, which in turn was parked behind the flower car. After parking the limousine, Norton left the engine running to provide heat for the occupants. He then helped carry the casket to the grave site and also assisted other funeral-home staff in bringing flowers there.

In 1982, Boyle had retired as an officer of the corporation and turned over the day-to-day affairs of the business to his son, Thomas Boyle. Even after his retirement, however, Boyle continued to assist at funerals. On this particular day, Boyle rode in the flower car during the procession to the cemetery. He was dressed in the formal uniform worn by other staff members of the funeral home. Additional evidence also showed that, customarily, any funeral-home staff member could take the initiative and move the family limousine closer to the grave site, so that the family members would not have to walk too far at the conclusion of the ceremony.

As Norton was returning to the flower car to shut the car doors, Boyle decided to move the family limousine closer to the grave site. Apparently, Boyle experienced difficulty in putting the limousine into gear because it abruptly lurched forward into the back of the next car in line. This caused a chain reaction of the parked vehicles, each one of which jumped forward and collided with the car in front of it. As

Norton started to close the doors of the flower car, the priest's car lurched forward, pinning his left leg between the bumper of the priest's car and the flower car. As a result, Norton suffered severe injuries to his left leg.

After the accident, Norton received workers' compensation benefits. Nevertheless, on January 23, 1997, he filed the present action, but agreed to repay the workers' compensation insurance company any amounts recovered in this lawsuit. Subsequently, Boyle filed a motion for summary judgment, arguing that Norton could not maintain his action against him because he was an agent or employee of the funeral home. Under G.L.1956 § 28–29–20, workers' compensation is Norton's exclusive remedy against his employer, fellow employees, and any agents of his employer for any and all work-related injuries. The motion justice, however, denied the summary-judgment request, and eventually the court convened a jury trial. The trial justice limited the parties' presentation of evidence before the jury to the issue of whether Boyle was an employee or agent of the funeral home on the day of the accident.

At the conclusion of Norton's presentation of evidence, Boyle moved for judgment as a matter of law. The trial justice granted this motion, stating that "[a]ll of the evidence without question in my mind points to agency." She alluded to the fact that Boyle's continued presence at the funeral home and services furthered "PR [public-relations] purposes [and] many other purposes" of this business. She also ruled that the evidence was uncontradicted in showing that customers of the funeral home often sought its services because of Boyle's continued presence there. Finally, she stated that "[t]he testimony [indicated that if] Mr. Boyle asked anyone or asked the plaintiff to move floral arrangements or move a car or do anything relative to the business, those requests or suggestions would be heeded and responded to. He clearly was an agent. He was not any-

thing but an agent. Apparently a very good one." Judgment entered for Boyle and Norton appealed.

### Issues and Arguments

On appeal, Norton argues that the trial justice erred in granting Boyle's motion for judgment as a matter of law. He contends that the evidence at trial did not indicate that Boyle was authorized to drive the limousine. Whether or not Boyle may have been an agent of the funeral home for certain purposes, Norton suggests, the scope of his authority to act as an agent was a factual question for the jury to decide. He insists that the trial justice erred in refusing to allow the jury to consider whether Boyle acted as an agent of the funeral home in attempting to move the family limousine. Furthermore, Norton maintains that, regardless of whether Boyle served a public-relations function with the funeral home after his retirement, it was up to the jury to decide whether Boyle was an agent of the funeral home when he moved the limousine. He also argues that Boyle should not benefit from the presumption of agency created by G.L. 1956 § 31–33–6, because Boyle did not operate the vehicle on a public highway.

Boyle counters by arguing that no one at the funeral home was exclusively assigned to drive the family limousine. He observes that it was not unusual for any member of the staff to move the limousine closer, as personal service was the hallmark of this funeral home. He also notes that § 31–33–6 contains a presumption that the vehicle operator is an agent of the vehicle owner. He further contends that the evidence clearly indicated that he was serving as an agent of the funeral home on the day in question because he was performing activities associated with the funeral home's business when his actions caused Norton's injuries.

Boyle also points out that Norton repeatedly acknowledged throughout this litigation that Boyle had continued to work for the funeral home after his retirement.

Boyle insists that these admissions served to confirm that he was an agent for the funeral home when the accident occurred.

### Analysis

The standard of review we use in cases involving the entry of a judgment as a matter of law is as follows:

"The trial justice, and this court on review, considers the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draws from the record all reasonable inferences that support the position of the nonmoving party. * * * If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied * * *." *Kurczy v. St. Joseph Veterans Association, Inc.,* 713 A.2d 766, 770 (R.I.1998) (quoting *A. Teixeira & Co. v. Teixeira,* 699 A.2d 1383, 1390 n. 7 (R.I.1997)).

On the other hand, if the evidence permits only one legitimate conclusion in regard to the outcome, judgment as a matter of law should be granted. *See Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 252 (R.I.1996).

The principal issue for decision concerns whether the evidence at trial, viewed in the light most favorable to Norton, pointed to the inescapable conclusion that Boyle was an agent of the funeral home when the accident occurred. If so, Boyle was entitled to judgment as a matter of law because an injured employee like Norton may not pursue an action for work-related injuries against an agent of the employer when the employee already has received workers compensation benefits for those injuries. *See DiQuinzio v. Panciera Lease Co.,* 612 A.2d 40, 42 (R.I. 1992).

"'Agency' has been defined as 'the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his

behalf and subject to his control, and consent by the other so to act.'" *Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 867 (R.I.1987) (quoting Restatement (Second) *Agency* § 1(1) (1958)). "[T]he three elements required to show the existence of an agency relationship include (1) a manifestation by the principal that the agent will act for him, (2) acceptance by the agent of the undertaking, and (3) an agreement between the parties that the principal will be in control of the undertaking." *Lawrence*, 523 A.2d at 867. "Consideration is not necessary to create the relation of principal and agent * * *." Restatement (Second) *Agency*, § 225 cmt. *a* at 497.

Here, even when we examine this case in the light most favorable to Norton, it appears that the evidence unequivocally shows that any staff member of the funeral home possessed the authority to move the limousine closer to the grave site. Thomas Boyle testified that his father had moved the limousine to the grave site "a thousand times." The evidence at trial appeared conclusively to indicate that the funeral home had agreed to Boyle's acting on the funeral home's behalf in interacting with bereaved families during funeral services. In addition, Boyle obviously had accepted his role in serving as a supervisor and facilitator of the funeral proceedings. The evidence also indicated that Boyle's activities on the day of the accident occurred under the aegis of the funeral home's authority to conduct this funeral.

Norton's testimony did not contradict Thomas Boyle's assertion that any staff member could bring the limousine to the grave site. Norton merely stated that on the day in question he did not anticipate that anyone else would do so. He did not state, however, that he possessed the sole authority to do so. Norton also cites two cases, *Haining v. Turner Centre System*, 50 R.I. 481, 482, 149 A. 376, 377 (1930) and *Chaufty v. De Vries*, 41 R.I. 1, 6, 102 A. 612, 614–15 (1918), for the proposition that the question of whether an agent acted within the scope of his authority is an issue

for the jury to decide. However, both cases plainly state that such a principle holds true only if the evidence is not conclusive or uncontradicted. *See Haining*, 50 R.I. at 482, 149 A. at 377; *Chaufty*, 41 R.I. at 6, 102 A. at 614–15. In *Haining*, while stating that the scope of an agent's authority is ordinarily a jury question, this Court still affirmed the trial court's directed verdict when the evidence showed without contradiction that the employee had not acted within the scope of his authority. 50 R.I. at 482, 149 A. at 377.

In this case, the evidence was uncontradicted that Boyle possessed the authority to act on behalf of the funeral home at funeral services; and that he also possessed the authority to direct personnel and move company vehicles in assisting the funeral proceedings. The evidence also appeared to demonstrate conclusively that Boyle was an agent of the funeral home when the accident occurred. Indeed, nothing in the record contradicts the evidence at trial that Boyle and other funeral-home staff possessed the authority to move the family limousine closer to the grave site.

Our review of the evidence leads us to the inescapable conclusion that Boyle acted as an agent of the funeral home in moving the limousine. Because we arrive at this conclusion without the aid of any statutory presumption, we need not address the application of § 31–33–6 to the facts of this case. Therefore, we deny Norton's appeal and affirm the judgment for Boyle.

Chief Justice WILLIAMS did not participate.