[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #139
I. FACTS:
The plaintiff, the Cadle Company, brought the present action seeking to foreclose a mortgage on property located at 76 Westbrook Industrial Park Road, Westbrook, CT (Park Road Property) alleging that the defendants, Charles and Susan Henzy, had defaulted on their mortgage by failing to make payments on the note on November 2, 1995, and every month thereafter.
The mortgage, originally owned by Shawmut Bank Connecticut and recorded on June 30, 1989, was assigned to the plaintiff by an assignment of mortgage dated September 25, 1995, and recorded on October 30, 1995.
On May 6, 1999, the plaintiff filed a request to amend the complaint, pursuant to Practice Book § 10-60, which was not objected to by the defendants. According to Practice Book § 10-60 "[i]f no objection [to the request to amend the complaint] has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party."
The amended complaint alleges that the town of Westbrook commenced an action against the defendants, Town of Westbrook v. Henzy, Superior Court, judicial district of Middlesex at Middletown, Docket No. 085214, seeking to foreclose on a tax lien on the Park Road Property. On June 8, CT Page 9050 1998, after the plaintiff commenced the present action, Westbrook obtained a judgment of foreclosure by sale with a sale date of August 8, 1998.
On March 1, 1999, the plaintiff was granted a motion for supplemental judgment in the amount of $172,426.80 and the plaintiff alleges that the defendants still owe $157,385.97 on the note.
On May 14, 2001, the defendants filed the instant motion to dismiss. The motion contends that this court lacks subject matter jurisdiction because the foreclosure by sale of the property mooted the present action before the complaint was amended and the court, therefore, had no jurisdiction to allow the amendment of the complaint.
II. DISCUSSION:
The Appellate Court has found that a subsequent foreclosure sale renders moot an appeal in which the plaintiff seeks to enforce a judgment lien on the foreclosed property. City National Bank of Connecticut v.Henderson, 1 Conn. App. 96, 98, 468 A.2d 1258 (1983) (Per Curiam). In the present case, the plaintiff made a request to amend the complaint subsequent to the foreclosure sale in Town of Westbrook v. Henzy, supra, Superior Court, Docket No. 085214.
The defendants raise their jurisdictional challenge more than two years after being deemed to have consented to the amendment of the complaint. "Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . ." (Citations omitted; internal quotation marks omitted.)Fiddelman v. Redmon, 59 Conn. App. 481, 483, 757 A.2d 671 (2000). This court, therefore, is obliged to consider the motion to dismiss.
Many cases state the rule that a court may not consider a request to amend a complaint once a motion to dismiss for lack of subject matter jurisdiction has been filed. See, e.g., Gurliaci v. Mayer,218 Conn. 531, 545, 590 A.2d 914 (1991). This court has not found any Connecticut decisional law addressing whether a request to amend a complaint will cure mootness if made prior to the filing of a motion to dismiss.
"[A] provision of a judgment that exceeds the jurisdiction of a court is necessarily void and cannot be remedied merely by the lapse of time. Such a judgment is void ab initio and is subject to both direct and collateral attack. . . . If a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is CT Page 9051 void and subject to vacation or collateral attack." (Internal quotation marks omitted.) Davenport v. Quinn, 53 Conn. App. 282, 293, 730 A.2d 1184
(1999). Although, by not objecting, the defendants consented to the filing of the amended complaint, "[s]ubject matter jursdiction . . . cannot be created through consent or waiver." Olympia Mortgage Corp. v.Klein, 61 Conn. App. 305, 307, 763 A.2d 1055 (2001). If the foreclosure in Town of Westbrook v. Henzy, supra, rendered the present action moot prior to the filing of the amended complaint, this court cannot consider the amended complaint.
"Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Grosso v. Grosso,59 Conn. App. 628, 634, 758 A.2d 367, cert. denied, 254 Conn. 938,761 A.2d 761 (2000). Although the defendants do not specifically raise which prongs of the justiciability test are implicated, this court finds that the first and the fourth prongs, requiring an actual controversy and practical relief, respectively, are the pertinent factors.
In the original complaint, the plaintiff alleged all the necessary elements for a foreclosure action. The prayer for relief requested a foreclosure, immediate possession of the mortgaged property and a deficiency judgment. The original complaint did not request relief on the note.
The foreclosure sale had been completed prior to March 1, 1999 and on that date, the plaintiff obtained a supplemental judgment in the Westbrook case. The request to amend the complaint was not filed until May 6, 1999. On that date, however, the court did not have jurisdiction to hear the case as the foreclosure sale on the subject property extinguished any controversy between the parties and did not allow the court to grant practical relief. Accordingly, any action taken by the court would be void ab initio.
In its brief, the plaintiff contends that General Statutes § 52-123
saves the instant action. Section 52-123 is inapplicable to the present case. "[D]espite its facially expansive language, § 52-123 and its predecessors have been uniformly limited in the application to defects in the writ." Rogozinski v. American Food Service Equipment Corp.,211 Conn. 431, 435, 559 A.2d 1110 (1989). Moreover, § 52-123 may only cure circumstantial defects, not jurisdictional defects. Hillman v.Greenwich, 217 Conn. 520, 526, 587 A.2d 99 (1991). "[C]ases involving circumstantial defects have turned on incorrect defendants, incorrect CT Page 9052 dates, incorrect statutes, incorrect acronyms, incorrect dollar amounts and the like . . ." U.S.T. Bank/Connecticut v. Davenport,47 Conn. App. 459, 465, 705 A.2d 562 (1998), aff'd after remand,52 Conn. App. 901, 727 A.2d 822, cert. denied, 248 Conn. 915,734 A.2d 565 (1999).[1]
Finally, the plaintiff contends that the Connecticut Supreme Court has rejected the argument that once a court loses jurisdiction it can no longer take an action upon the case. The plaintiff cites ConceptAssociates, Ltd. v. Board of Tax Review of the Town of Guilford,229 Conn. 618, 642 A.2d 1186 (1994). Concert Associates, when it rejected the argument that "there is no longer a case before the court . . . [t]herefore, there is nothing to amend" was interpreting General Statutes § 52-72. Id., 623. Concept Associates is unavailing to the plaintiff. Moreover, this court is unaware of any statute that would cure mootness. Accordingly, the court did not have jurisdiction to permit the filing of the amended complaint because the case was moot.
III. CONCLUSION:
For the reasons herein stated, this court finds that it does not have subject matter jurisdiction over the matter. Accordingly, this court ought to and hereby grants the defendants' motion to dismiss.
It is so ordered.
By the court
 _____________________ ARENA, JUDGE