[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
CT Page 9907
On August 24, 1999, the plaintiff, Joanna Puma, an 86 year old, disabled, medicaid beneficiary who resides at the defendant's facility, filed a complaint against the defendant, Saint Mary Home, Inc., a licensed nursing home, alleging multiple violations of the patients' bill of rights, breach of contract and a violation of CUTPA. Subsequently, the plaintiff filed a first amended complaint on December 22, 2000, and a second amended complaint on February 26, 2001. In the second amended complaint the plaintiff alleges that the defendant is a single nursing facility certified under the Medicaid program, 42 U.S.C. § 1396r(a)(1), and that it violated the patients' bill of rights, General Statutes § 19a-550, by involuntarily moving her from her room to another room within the same facility for a reason not enumerated within subparagraph (c) of that provision.[1]
Specifically, the plaintiff alleges that on August 11, 1999, the defendant issued to her a notice of involuntary transfer or discharge. The reason stated in the notice for the involuntary transfer or discharge was that the plaintiff's medical needs and safety would best be met in the skilled level of care located in the defendant's facility. Subsequently, on May 31, 2000, the defendant issued a letter to the plaintiff withdrawing the notice of the proposed involuntary transfer and discharge. On September 20, 2000, the plaintiff was admitted to the John Dempsey Hospital for an evaluation of a possible bone fracture. The tests were negative and the plaintiff was discharged that evening. Upon returning to the defendant's facility, the plaintiff was moved by the defendant to a "sub-acute bed" on another floor. The defendant sent the plaintiff's attorney a notice stating that the plaintiff had been transferred on an emergency basis pursuant to § 19a-535(h)(4) for the following reasons: (1) Based on your medical needs and safety, your welfare could no longer be met in the defendant's rest home with nursing supervision facility and (2) failure to effect an immediate transfer would have endangered your health, safety and welfare.
On September 22, 2000, the plaintiff filed a motion for temporary injunction seeking to enjoin the defendant from transferring the plaintiff from Room #311 B at the defendant's facility where she has resided since 1989. On September 25, 2000, the defendant notified the court that it was returning the plaintiff to her original room on that date thereby rendering the plaintiff's motion for temporary injunction moot. Also, on September 25, 2000, the plaintiff withdrew her motion for temporary injunction.
In the prayer for relief in her second amended complaint, the plaintiff CT Page 9908 asks the court to (1) declare that the defendant's prior and continuing attempts to transfer the plaintiff under § 19a-535 are unlawful and violate § 19a-550, and (2) permanently enjoin the defendant under § 19a-550 from attempting to move or actually moving the plaintiff to another room in the defendant's facility.
On February 16, 2001, the defendant filed a second motion to dismiss addressed to the plaintiff's first amended complaint on the ground that the court lacks subject matter jurisdiction because there is no live or actual controversy between the parties.[2] The defendant argues that since the plaintiff withdrew her claim for money damages in the first amended complaint and seeks only a declaratory judgment as to whether the defendant violated the patients' bill of rights in the past and a permanent injunction barring the defendant from moving her in the future, there is no actual controversy between the parties. In effect, the defendant contends that under the present circumstances, having withdrawn her claim for money damages, the plaintiff is merely seeking an advisory opinion as to the applicability of the patients' bill of rights and an injunction based on a "hypothetical injury or threat." In support of its position, the defendant relies on "black-letter law;" Cumberland Farms,Inc. v. Groton, 46 Conn. App. 514, 518, 699 A.2d 310 (1997), rev'd,247 Conn. 196, 209 (1998), and on Housing Authority v. Peraro,40 Conn. Sup. 365, 379, 509 A.2d 569 (1985), aff'd, 199 Conn. 566,509 A.2d 474 (1986);[3] for the proposition that the hypothetical possibility that the defendant might seek to move the plaintiff to another room in the future because of a change in the plaintiff's medical condition cannot support the exercise of the court's equitable jurisdiction to grant an injunction. Consequently, the defendant argues that there is no actual controversy between the parties and that the court lacks subject matter jurisdiction.
On March 26, 2001, at oral argument before this court, the defendant argued that the case should be dismissed because in the absence of an actual controversy between the parties, the plaintiff's case is moot. The court asked the parties whether the plaintiff's "subjective fear" of possibly being transferred at some future time was enough to prevent the case from being moot. In response to the court's question, the defendant filed a supplemental memorandum of law wherein the defendant argues that the plaintiff's purported "subjective fear" of being transferred to another room is insufficient to vest this court with subject matter jurisdiction to grant declaratory and/or injunctive relief. The plaintiff also filed a supplemental memorandum in opposition to the defendant's motion to dismiss on March 30, 2001, arguing that the plaintiff's "subjective fear" of being transferred is enough to prevent the case from being moot. CT Page 9909
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Borden v. Planning ZoningCommission, 58 Conn. App. 399, 405, 755 A.2d 224, cert. denied,254 Conn. 921, 759 A.2d 1023 (2000). "The motion to dismiss . . . admits all facts which are well pleaded. . . ." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). Under Practice Book § 10-31(a), "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Borden v. Planning ZoningCommission, supra, 58 Conn. App. 405. "A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." (Internal quotation marks omitted.) Ford v. Commissionerof Correction, 59 Conn. App. 823, 826, 758 A.2d 853 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation mark omitted.) Olympia Mortgage Corp. v. Klein,61 Conn. App. 305, 307, 763 A.2d 1055 (2001). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroineyv. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208 (1987).
"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires . . . that there be an actual controversy between or among the parties to the dispute. . . ." (Internal quotation marks omitted.) Domestic Violence Services of Greater NewHaven, Inc. v. FOIC, 240 Conn. 1, 6, 688 A.2d 314 (1997). "In the absence of an actual and existing controversy for us to adjudicate . . . the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) Green Rock Ridge, Inc. v. Kobernat,250 Conn. 488, 497, 736 A.2d 851 (1999).
"Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings." (Citation omitted; internal quotation marks omitted.) Fiddelman v. Redmon, 59 Conn. App. 481, 483,757 A.2d 671 (2000). "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) Fiddelman v. Redmon, supra,59 Conn. App. 483. A court "will not decide moot questions where there is CT Page 9910 no actual controversy or where no actual or practical relief can follow from their determination." Sobocinski v. Freedom of InformationCommission, 213 Conn. 126, 135, 566 A.2d 703 (1989). A claim that is moot is properly subject to a motion to dismiss. Hartford Principals' Supervisors' Assn. v. Shedd, 202 Conn. 492, 497-98, 522 A.2d 264 (1987).
The defendant's motion is based on the ground that there is no actual controversy between the parties because the defendant has returned the plaintiff to her original room and that her "subjective fear" of being transferred is insufficient to vest this court with subject matter jurisdiction to grant declaratory and/or injunctive relief The defendant further maintains, however, that the prior action taken with regard to the plaintiff was legally justified under § 19a-535, and that any future involuntary transfer or discharge of the plaintiff for medical reasons is also governed by § 19a-535. (Defendant's Supplemental Memorandum, dated March 30, 2001, p. 1; Defendant's Memorandum, dated February 14, 2001, p. 2.) By contrast, the plaintiff argues that she is entitled to the protections of § 19a-550, and that her fear of being transferred is not "hypothetical" in that it is grounded in fact because the defendant has actually transferred her citing § 19a-535 as authority and the defendant presently asserts its right to do so again. Consequently, the court finds that an actual controversy exists between the parties, the determination of which can result in the granting of practical relief in the form of a declaratory judgment and/or an injunction to the plaintiff. See Bagwell v. Old Saybrook, Superior Court, judicial district of New London at Norwich, Docket No. 118068 (July 20, 2000, Dyer, J.) (27 Conn. L. Rptr. 573) (denying a motion to dismiss on the ground of mootness); Serpico v. McGrath, Superior Court, judicial district of Danbury at Danbury, Docket No. 321857 (October 31, 1996, Moraghan, J.) (denying a motion to dismiss on the ground of mootness); Jacobs v. Shore, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139935 (August 28, 1995,Karazin, J.) (denying a motion to dismiss on the ground of mootness);Cummings v. D'Oyen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318310 (January 31, 1995, Maiocco, J.) (denying a motion to dismiss on the ground that the court lacked subject matter jurisdiction because no actual controversy existed between the parties);UNC, Inc. v. Southeastern Connecticut Regional Resources RecoveryAuthority, Superior Court, judicial district of New London at Norwich, Docket No. 102544 (September 2, 1993, Teller, J.) (8 C.S.C.R. 1006) (denying a motion to dismiss on the ground of mootness); Balletti v.Pappas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 328962 (March 15, 1991, Clark, J.) (denying a motion to dismiss on the ground of mootness); DeMartino v. DiSora, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 030509 (November 27, 1990, Curran, J.) (denying a motion to dismiss on the CT Page 9911 ground of mootness).
 CONCLUSION
For the foregoing reasons, the court finds that the case is justiciable and, therefore, not moot. Accordingly, the defendant's motion to dismiss the plaintiff's second amended complaint is denied.
Peck, J.