## SUSAN L. MORGAN *v.* JAY T. MORGAN
### (AC 33939)

Gruendel, Beach and Sheldon, Js.

Argued September 21—officially released December 25, 2012

*Susan L. Morgan,* pro se, the appellant (plaintiff).

*Jay T. Morgan,* pro se, the appellee (defendant).

PER CURIAM. In this dissolution action, the self-represented plaintiff, Susan L. Morgan, appeals from the judgment of the trial court ordering her to sell real property known as 3 East Pattagansett Road in Niantic (property). The nature of her appeal is twofold. The plaintiff first raises a bevy of claims challenging the propriety of the order requiring her to sell the property. In addition, the plaintiff asks this court to assess monetary damages against the self-represented defendant, Jay T. Morgan, for injuries she allegedly sustained as a result of her compliance with that order. We dismiss as moot the plaintiff's challenge to the order requiring her to sell the property and affirm the judgment in all other respects.

The relevant facts are as follows. The parties married in 1991. Following the subsequent breakdown of their marriage, the parties entered into a separation agreement that the court incorporated into its judgment of dissolution. That agreement provided, inter alia, that the property "shall be sold and after all the mortgages and taxes have been satisfied, the net proceeds shall be divided evenly between the parties." Approximately one month later, on July 7, 2008, the parties entered into a postjudgment agreement that was approved by the trial court. Relevant to this appeal is paragraph three of that agreement, which required the defendant to "[quitclaim] to the plaintiff the [property]. . . . The plaintiff shall have thirty months to refinance the [property] to remove the defendant's name from same. Should the plaintiff fall thirty days behind in payment of the mortgage, the property shall be immediately listed for sale under the terms of the original [separation agreement]."

On January 11, 2011, the defendant filed a motion for contempt due to the plaintiff's failure to comply with

the foregoing. In its April 7, 2011 memorandum of decision, the court denied said motion, finding no evidence that the plaintiff wilfully violated a court order. At the same time, the court observed that the July 7, 2008 order required the plaintiff to refinance the property within thirty months. Because "more than thirty months have now elapsed and the property has not been refinanced to remove the defendant from the mortgage obligation," the court ordered that "the property shall be listed for sale on or before April 30, 2011."

On July 14, 2011, the defendant filed a second motion for contempt due to the plaintiff's failure to list the property for sale. The court granted that motion and entered an order requiring the plaintiff to "file a copy of the notice of listing for [the property] . . . or a capias will be issued." The defendant filed a third motion for contempt on August 9, 2011, predicated on the plaintiff's continued refusal to comply with that order. Following a hearing on October 5, 2011, the court rendered an oral decision. It stated: "All right. I'm going to give [the plaintiff] a chance . . . but it's not nearly the chance [she is] proposing. I'm going to enter the following orders. First, [the plaintiff] will have until January 1, 2012, to sell the property at whatever price she deems fit. On January 1, 2012, if the property is not sold it shall be reduced to $256,000.[1] If the property is not sold or refinanced so as to remove [the defendant's] name from the mortgage by March 1, 2012, the property is ordered transferred to the defendant . . . pursuant to General Statutes § 46b-81, wherein the court may pass title to real estate to either party . . . or may order the sale of such real property without any act by either the husband or the wife when in the judgment of the court it is the proper mode to carry the decree into effect. At that time [the defendant] as the owner

[1] As the court noted during the contempt hearing, the plaintiff's financial affidavit estimated the value of the property to be $300,000.

of the property will pursue its sale [and] will hold any proceeds in escrow for [the plaintiff's] benefit as it is equitably her house and she should be entitled to the proceeds."[2] This appeal followed.

I

On appeal, the plaintiff challenges the propriety of the court's order requiring her to sell the property for $256,000. It is undisputed, however, that the plaintiff sold the property to a third party for that sum on February 14, 2012, as the plaintiff admits in her appellate brief. That action renders the present appeal moot.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 492–93, 778 A.2d 33 (2001); see also *Patterson* v. *Council on Probate Judicial Conduct*, 215 Conn. 553, 561, 577 A.2d 701 (1990) (not province of appellate courts to decide moot questions

[2] The court also found the defendant in contempt of its April 7, 2011 order. As a result, the court ordered the plaintiff to pay the defendant $1000 within thirty days. Although the plaintiff amended her original appeal before this court to challenge the propriety of that judgment, she has neither included such a claim in her statement of issues nor briefed that claim in any manner. We thus deem it abandoned. See *Caruso* v. *Bridgeport*, 285 Conn. 618, 624 n.5, 941 A.2d 266 (2008).

disconnected from granting of actual relief). Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary. *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 680, 899 A.2d 586 (2006).

The plaintiff's sale of the property to a nonparty during the pendency of this appeal renders moot her challenge to the propriety of the order requiring the sale of the property. See *Fiddelman* v. *Redmon*, 59 Conn. App. 481, 483–84, 757 A.2d 671 (2000). Because that sale cannot now be undone, we cannot afford her any practical relief. Id. This court, therefore, lacks jurisdiction to entertain the plaintiff's claims concerning the order requiring the sale of the property.

II

In the concluding portion of her appellate brief, the plaintiff asks this court to assess monetary damages against the defendant for injuries she allegedly sustained as a result of her compliance with the court's orders.[3] That request is unpreserved, as she failed to raise any claim before the trial court for damages resulting from any conduct on the part of the defendant. Moreover, the determination of damages involves a question of fact. See, e.g., *Bhatia* v. *Debek*, 287 Conn. 397, 419, 948 A.2d 1009 (2008). "[I]t is axiomatic that this appellate body does not engage in fact-finding. Connecticut's appellate courts cannot find facts; that function is, according to our constitution, our statute, and our cases, exclusively assigned to the trial courts." (Internal quotation marks omitted.) *Hogan* v. *Lagosz*, 124 Conn. App. 602, 618, 6 A.3d 112 (2010), cert. denied, 299 Conn. 923, 11 A.3d 151 (2011). Accordingly, as an

---

[3] The plaintiff asks this court to find that she suffered, inter alia, $27,200 in damages "for the loss of income" due to her sale of the property, $50,000 in damages "for the emotional toll this has had on her health" and $200,000 for what she characterizes as lost "retirement money."

appellate tribunal, this court cannot decide the claim for damages presented by the plaintiff in this appeal.

The plaintiff's appeal from the judgment ordering her to sell the property is dismissed as moot. The judgment is affirmed in all other respects.