******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LYNDA PRYOR *v.* EDMOND PRYOR
(AC 36454)
(AC 36874)
(AC 37424)
(AC 37425)

Gruendel, Alvord and West, Js.

*Argued November 17, 2015—officially released January 19, 2016*

(Appeal from Superior Court, judicial district of Fairfield, Calmar, J. [dissolution judgment]; Hon. Howard T. Owens, Jr., judge trial referee [motion for order; motion for disqualification; motion for counsel fees; motion to modify].)

*Edmond J. Pryor*, self-represented, with whom, on the brief, was *Jeanmarie A. Riccio*, for the appellant (defendant).

*Yakov Pyetranker*, with whom, on the brief, were *Annmarie P. Briones* and *Gary I. Cohen*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. These four appeals, consolidated by order of this court into two appeals, arise from postdissolution rulings by the trial court. In appeal AC 36454 and AC 36874, the defendant, Edmond Pryor, claims that the court improperly ordered him to list marital property located at Williamsbridge Road in Bronx, New York at $499,000, when the dissolution judgment required the court to use the average of two appraisals if the parties could not agree on a listing price.[1] In appeal AC 37424 and AC 37425, the defendant claims that the court improperly (1) denied his motion to modify his alimony and child support obligations, (2) denied his motion to disqualify the presiding judge on the ground of judicial bias, and (3) granted the motion for counsel fees filed by the plaintiff, Lynda Pryor.[2] We dismiss as moot the appeal in AC 36454 and AC 36874, because the property at issue was sold to a third party in August, 2015. We decline to review the defendant's claims in AC 37424 and AC 37425 because they are inadequately briefed. Accordingly, we affirm the judgment in AC 37424 and AC 37425.

The parties were married in the state of New York on August 12, 1989. Three children were born of the marriage. The plaintiff commenced a dissolution of marriage action in 2008, and a judgment of dissolution was rendered by the court, *Calmar*, *J.*, on July 14, 2010, after a contested trial.[3] The judgment contained orders relating to, inter alia, alimony, child support and the disposition of the parties' marital property.

I

AC 36454 and AC 36874

On June 12, 2013, the plaintiff filed a postdissolution motion for order regarding the listing, marketing and sale of the Williamsbridge Road property in New York. Following a hearing, the court issued a ruling on May 6, 2014, in which it ordered the subject property to be listed at $499,000 for ninety days. The court further ordered: "If the property is not sold within 90 days, the price shall be reduced by 5% every 90 days until the property is sold. The court also orders that a 'for sale' sign be posted outside of the property." The defendant appealed from the court's order on May 23, 2014.

On October 22, 2015, the defendant's attorney informed the appellate clerk's office that the subject property had been sold.[4] By letter dated November 3, 2015, the appellate clerk's office advised counsel of record to be prepared to address at oral argument "whether the defendant's appeals from the trial court's order regarding a listing price for certain real property should be dismissed as moot because the subject property has now been sold. See *Champagne* v. *Champagne*, 85 Conn. App. 872, 876–78 [859 A.2d 942] (2004)." At the time of oral argument, the parties acknowledged

that the property had been sold to a third party and that the closing had taken place in August, 2015. The plaintiff argued that the appeal relating to the listing price was moot and should be dismissed. The defendant claimed that *Champagne* was distinguishable from this case and that the appeal was not moot. We conclude that *Champagne* is dispositive of the defendant's claims and, accordingly, dismiss the appeal in AC 36454 and AC 36874 as moot.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Kennedy* v. *Putman*, 97 Conn. App. 815, 818, 905 A.2d 1280 (2006).

In *Champagne* v. *Champagne*, supra, 85 Conn. App. 873–74, the defendant filed two appeals from the trial court's judgment of dissolution and various postdissolution rulings, claiming that the court improperly issued certain orders pertaining to the method by which the parties' marital home would be sold. One of the claims that the defendant raised was that the trial court improperly awarded the plaintiff the sole authority to set the listing price for the marital home. Id., 874. During the pendency of the appeals, the marital home was sold to a third party. Id., 877. In light of this fact, this court held that the defendant's claims that concerned the sale of the marital home were moot. Id., 878. It reasoned that because the marital home had been sold to a third party, it could not afford the defendant any practical relief regarding any orders that related to the method by which the marital home was to be sold. Id., 877; see also *Morgan* v. *Morgan*, 139 Conn. App. 808, 811–12, 57 A.3d 790 (2012) (plaintiff's sale of real property to nonparty during pendency of appeal rendered moot her challenge to order requiring sale of property because sale could not be undone); *Fiddelman* v. *Redmon*, 59 Conn. App. 481, 483–84, 757 A.2d 671 (2000) (defendant's claim concerning method of selling marital home became moot because home was ultimately sold and closing took place).

Here, the defendant challenges the trial court's order regarding the method by which the subject property was to be sold. Because the subject property has now

been sold and conveyed to a third party, this court will not be able to afford the defendant any practical relief regarding the method by which the property was to be sold. Accordingly, the appeal in AC 36454 and AC 36874 is dismissed as moot.

II

AC 37424 and AC 37425

In the defendant's second consolidated appeal, he claims that the court improperly (1) denied his motion to decrease the amount of his alimony and child support obligations, (2) denied his motion to disqualify the presiding judge on the ground of judicial bias, and (3) granted the plaintiff's motion for counsel fees. The defendant's brief is inadequate, and, thus, we decline to review his claims. Accordingly, we affirm the judgment of the trial court in AC 37424 and AC 37425.

On May 2, 2014, the defendant filed a postdissolution motion to modify his alimony and child support obligations. He requested a "downward modification" on the ground that his "income ha[d] drastically decreased." The court held a hearing on this motion, together with other pending motions, on November 5 and 12, 2014. Exhibits were admitted into evidence at that time. On December 3, 2014, the court issued its ruling denying the motion.[5]

At the time of the hearing held on November 5, 2014, the defendant filed a written motion to disqualify the presiding judge with an accompanying affidavit signed by the defendant.[6] The court acknowledged its receipt, stated that it had reviewed the motion, represented that it had no bias or prejudice toward the defendant and denied the defendant's motion to disqualify from the bench.

In the court's December 3, 2014 order, it additionally ruled on the plaintiff's February 24, 2014 motion for counsel fees to defend the defendant's appeal from a prior ruling of the court on a postdissolution motion. The court granted the plaintiff's motion and ordered the defendant to pay $8886.07 to the plaintiff on or before December 22, 2014.

The defendant has challenged the court's rulings on these three postdissolution motions. The plaintiff argues that this court should not consider the defendant's claims because they are inadequately briefed for appellate review. We agree with the plaintiff.

Practice Book § 67-4 dictates the content and organization of an appellant's brief. The brief shall contain "[a] statement of the nature of the proceedings and of the facts of the case bearing on the issues raised. The statement of facts shall be in narrative form, shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies and shall not be unnecessarily detailed

or voluminous." Practice Book § 67-4 (c). Further, "[t]he argument [shall be] divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied." Practice Book § 67-4 (d).

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Zappola* v. *Zappola*, 159 Conn. App. 84, 86–87, 122 A.3d 267 (2015).

The defendant's brief is inadequate in many respects. His "statement of material facts" is one page in length and has no references to the transcript or the record. The first argument, addressed to his claim that the court improperly denied his May 2, 2014 postdissolution motion for a "downward modification" of his alimony and child support obligations, is two pages in length and refers to "facts elicited during two days of hearings" without any reference to the page or pages of the transcript. Similarly, when referring to testimony, no references to the transcript are provided. When discussing the incomes of the parties, the defendant does not cite to any of the exhibits for support of his claim. Finally, the defendant criticizes the court for not "providing an oral or written basis" for the denial of his motion, yet he did not avail himself of the opportunity to seek an articulation by the court pursuant to Practice Book § 66-5.[7]

The portion of the defendant's brief addressed to his second claim, which is that the court improperly denied his motion to disqualify the presiding judge, is similarly deficient. In support of his argument of bias, the defendant states that the court "routinely denied [his] motions,"[8] that the court "commented on [his] motivation and/or conduct based upon the fact that he is an attorney," that the court "ignored motions filed by [the defendant] and then advised that they were stale," and

that the court "routinely granted [the plaintiff's] motions . . . ." There is not a single reference to the transcript, an exhibit or any other document in the record to support these allegations. It is not this court's function to comb through the voluminous trial court file, which contains more than three hundred entries, to determine whether the defendant's claim is supported by the record. See *Stuart* v. *Stuart*, 112 Conn. App. 160, 183, 962 A.2d 842 (2009), rev'd in part on other grounds, 297 Conn. 26, 996 A.2d 259 (2010).

The defendant's third claim challenging the court's granting of the plaintiff's motion for counsel fees also is inadequately briefed. It is about one page in length, does not provide the applicable standard of review, has no citations to case law and contains no analysis. The defendant simply asserts that the court's award to the plaintiff "amounts to nothing more than the court's continued attempts to punish [the defendant] for challenging the court's improper orders . . . ." Because the brief provides no citations to case law or legal analysis, we likewise decline to address this claim.

The appeal in AC 36454 and AC 36874 is dismissed. The judgment in AC 37424 and AC 37425 is affirmed.

In this opinion the other judges concurred.

[1] In AC 36454, the defendant appealed from various other rulings of the trial court. The defendant has not raised any of those claims in his appellate brief, and, therefore, we deem them to be waived. See *Episcopal Church in the Diocese of Connecticut* v. *Gauss*, 302 Conn. 386, 397 n.11, 28 A.3d 288 (2011).

[2] In AC 37424, the defendant appealed from additional rulings of the trial court other than those addressed in his appellate brief. We deem those issues to be waived. See footnote 1 of this opinion.

[3] A corrected memorandum of decision was issued by the court on July 28, 2010.

[4] The trial court previously had terminated the appellate stay as to its order regarding the listing price.

[5] The court denied the motion without explanation.

[6] Practice Book § 1-23 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

We note that the motion was filed on the first day of the two day hearing, not ten days prior to the hearing, even though the record reflects that the presiding judge had adjudicated several prior postdissolution motions involving these parties. Further, the file does not reflect that defendant's counsel filed a good faith certificate.

[7] We are aware of Practice Book § 61-10 (b), which provides in relevant part: "The failure of any party on appeal to seek articulation pursuant to [Practice Book §] 66-5 shall not be the sole ground upon which the court declines to review any issue or claim on appeal. . . ." In the present case, besides failing to seek an articulation to provide an adequate record, the defendant has failed to adequately brief his claims.

[8] It is well settled that "[a]dverse rulings do not themselves constitute evidence of bias." (Internal quotation marks omitted.) *Lederle* v. *Spivey*, 113 Conn. App. 177, 189 n.15, 965 A.2d 621, cert. denied, 291 Conn. 916, 970 A.2d 728 (2009).