**Luanne POWERS, Individually and as Guardian and Next Friend of the minor Plaintiffs, James Powers and Amanda Powers**

v.

**Joseph A. COCCIA.**

**No. 2004–91–Appeal.**

Supreme Court of Rhode Island.

Dec. 9, 2004.

Robert B. Jacquard, for Plaintiff.

Donna M. Lamontagne, Wellesley, MA, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Luanne Powers, individually and as guardian and next friend of her children, the minor plaintiffs James and Amanda Powers, appeal from a Superior Court judgment denying their motion for a new trial. This case came before the Court for oral argument on October 27, 2004, pursuant to an order directing all parties to appear and show cause why the

issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we will proceed to decide the case at this time. For the reasons stated below, we deny the defendant's appeal.

## Facts and Travel

This dispute arises from the parties' relationship as landlord and tenant. The defendant, Joseph A. Coccia, owns a rental property located at 341 Farmington Avenue in the City of Cranston, Rhode Island. From October 1, 1997, through July 2001, Luanne Powers leased a second-floor apartment in the building and resided there with her two children. In June 2000, Powers noticed birds flying close to her bedroom window and alerted Coccia of the possibility that they were nesting in the gutter of the house. The defendant inspected the area in and around Powers' bedroom window, but, finding no evidence of birds, he took no further action.

Approximately one year later, plaintiffs' apartment became infested with bird mites. As soon as Powers became aware of the problem, she contacted New England Pest Control and then further complained to defendant. At that point, defendant began to combat the problem, first calling New England Pest Control to learn the status of their assessment of the apartment, and then, after learning that New England Pest Control could not immediately exterminate, contacting a number of exterminators and contractors until he was able to secure the necessary services. Ultimately, defendant hired Critter Control, a pest control company, which determined that birds had entered and nested in the attic via an opening in the side of the house. Critter Control removed a bird's nest from the attic, but suggested to defendant that he hire another company to exterminate the mites. Coccia immediately contacted Interstate Pest Control, which fumigated Powers' apartment that very day.

Nonetheless, plaintiffs continued to complain of mite infestation. Despite several additional fumigations and work done by J & M Construction to fix the opening in the side of the house, Powers gave notice to Coccia that she and her children would vacate the apartment. Subsequently, Powers filed two separate lawsuits against defendant, one in the Superior Court for negligence, and another in the District Court, seeking the recovery of her security deposit.[1] Although we now address plaintiffs' appeal in the negligence action, an affidavit introduced into evidence by defendant in the security deposit suit but excluded in the negligence suit 'is at the heart of our decision.

In her negligence suit, Powers alleged that defendant's failure to maintain the premises resulted in bird mite infestation that caused illness to her and her children. After a jury found for defendant, plaintiff filed a motion for a new trial. Powers sought a new trial on the following grounds: (1) the judgment was against the law; (2) the judgment was against the evidence and the weight thereof; and (3) the judgment failed to respond to the merits of the controversy and failed to do substantial justice. In its decision filed on January 20, 2004, the Superior Court denied plaintiffs' motion, and ruled that a new trial was not warranted.[2]

1. The negligence suit originated in the District Court but, upon agreement of both parties, was removed to the Superior Court because the requested damages exceeded the District Court's jurisdiction.

2. Although the Superior Court denied Powers' motion for a new trial, it granted her

The plaintiffs subsequently filed this timely appeal, arguing that the trial justice in the negligence action erred when she denied plaintiffs' effort to introduce certain documents that defendant filed in the security deposit action. Those documents included defendant's affidavit, which incorporated statements that New England Pest Control, Interstate Pest Control, and Critter Control made to him, as well as documents that were incorporated by reference in the affidavit from the pest control companies and a representative of J & M Construction Company. The plaintiffs maintain that under Rule 801(d)(2)(B)(D) of the Rhode Island Rules of Evidence, defendant's affidavit and its accompanying documents are not hearsay, and therefore should have been admitted by the court.

**Standard of Review**

■ Traditionally "[t]his Court will affirm a trial justice's decision on a motion for a new trial as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong." *Morrocco v. Piccardi*, 674 A.2d 380, 382 (R.I. 1996) (citing *International Depository, Inc. v. State*, 603 A.2d 1119, 1123 (R.I. 1992)). However, "for this Court to determine whether a trial justice has abused his or her discretion concerning the grant or denial of a new trial based on an error of law occurring at the trial, we must review that grant and the accompanying trial record before us *de novo*, as we do for other questions of law." *Votolato v. Merandi*, 747 A.2d 455, 460 (R.I.2000).

**Analysis**

■ The plaintiffs first argue that defendant's affidavit is an adoptive admission under Rule 801(d)(2)(B), and not hearsay. Therefore, they contend that it should have been admitted as relevant evidence. Under Rule 801(c) of the Rhode Island Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[3] Hearsay evidence is inherently dangerous and generally inadmissible because it brings into court unreliable or confusing testimony without providing the opportunity for clarification through examination of the declarant. *See Foster–Glocester Regional School Committee v. Board of Review, Department of Labor and Training*, 854 A.2d 1008, 1018 (R.I.2004). Generally, an adoptive admission is one "whereby a party, by words or conduct, signifies his or her acquiescence or approval of an out-of-court statement. This principle is sought to be employed frequently in instances in which there is a conversation with the defendant in which the defendant agrees with the remarks of the other party." *State v. Brennan*, 527 A.2d 654, 655 n. 2 (R.I.1987). Such a statement is not hearsay if it is one "of which the party has manifested his or her adoption or belief in its truth * * *." R.I. R. Evid. 801(d)(2)(B).

■ "The burden of showing the manifestation [of adoption] is on the party offering the evidence." *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 870 (1st Cir.1997). The plaintiffs contend that through his affidavit, Coccia adopted as his

---

motion to amend her complaint to name her minor children as plaintiffs. The court entered judgment on behalf of defendant against plaintiff Luanne Powers, both individually and as guardian and next friend of the minor plaintiffs James Powers and Amanda Powers.

3. Rule 801 of the Rhode Island Rules of Evidence is identical to the federal rule, and for the purposes of this opinion, federal case law shall be incorporated into our decision.

own the statements of both the pest control and construction companies and admitted them to be true. The plaintiffs rely on the well-recognized evidentiary principle that there is no requirement that a " 'declarant have personal knowledge of the facts underlying [his] statement' " for it to qualify as an adoptive admission. *See Brookover v. Mary Hitchcock Memorial Hospital,* 893 F.2d 411, 416 (1st Cir.1990); *Mahlandt v. Wild Canid Survival and Research Center, Inc.,* 588 F.2d 626, 630–31 (8th Cir.1978). However, the mere assertion of this principle does little to prove that defendant adopted the statements repeated in his affidavit.

■ "The fact that the party declares that he or she has heard that another person has made a given statement is not alone sufficient to justify finding that the party has adopted the third person's statement." 2 *McCormick On Evidence* ch. 25, § 261 at 164 (5th ed. Strong 1999). Instead, the party offering the evidence must show that the circumstances surrounding the party's declaration indicate his or her approval of the statement. *Id.* When documents are involved, the necessary inquiry involves "asking whether 'the surrounding circumstances tie the possessor and the document together in some meaningful way.' " *Pilgrim,* 118 F.3d at 870 (quoting *United States v. Paulino,* 13 F.3d 20, 24 (1st Cir.1994)). Applying this test, Coccia's connection to the documents is distinguishable from those cases in which documents were determined to be adoptive admissions. In *Paulino,* the court determined that a rental receipt was an adoptive admission of occupancy and dominion over a particular apartment. In that case, the court was satisfied that the defendant possessed and was sufficiently tied to the document to allow its inclusion as non-hearsay evidence. *Paulino,* 13 F.3d at 24. In *Pilgrim,* a grievance report was admissible as an adoptive admission when the college president accepted and acted on its contents, implementing its recommendations without disclaimer. In the instant case, plaintiffs seek the admission of the documents in order to prove defendant's negligence. Yet, we see no evidence that Coccia approved of and adopted the statements as his own, but only that he recounted to the court in a separate action statements made to him by pest control and construction companies. Here, we hold that plaintiffs have not met their burden, for there is insufficient evidence either tying defendant to the documents in a meaningful way or indicating his approval or adoption of the statements contained within them.

The plaintiffs also maintain that certain documents submitted to Coccia, consisting of service agreements and invoices that were incorporated by reference into his affidavit, are admissible as statements made by his agents. Under Rule 801(d)(2)(D) statements made "by the party's agent or servant concerning a matter within the scope of the party's agency or employment" are not hearsay. "Rule 801(d)(2)(D) requires that an agency or employment relationship must have existed between the declarant and the party. * * * [S]tatements of a party's independent contractors typically do not come within Rule 801(d)(2)(D)." 5 *Weinstein's Federal Evidence* § 801.33[2][b] at 801–65, 67 (2d ed. 2002).

■ To prove an agency relationship, the following facts must be found: "(1) a manifestation by the principal that the agent will act for him, (2) acceptance by the agent of the undertaking, and (3) an agreement between the parties that the principal will be in control of the undertaking." *Norton v. Boyle,* 767 A.2d 668, 672 (R.I.2001) (quoting *Lawrence v. Anheuser–Busch, Inc.,* 523 A.2d 864, 867 (R.I.1987)).

On the other hand, independent contractors are independently employed persons who offer "services to the public to accept orders and execute commissions for all who may employ such person in a certain line of duty, using his or her own means for the purpose of being accountable only for the final performance." 41 Am. Jur. 2d *Independent Contractors* § 1 at 397 (1995).

■ This Court has identified service providers similar to those in issue here as independent contractors. In *Ballet Fabrics, Inc. v. Four Dee Realty Co.*, 112 R.I. 612, 621, 314 A.2d 1,6 (1974), we concluded that a "Rooter" hired by a defendant landlord to remove blockage in the plaintiff tenant's pipes was an independent contractor. In the matter presently before us, the facts fail to support an argument that the pest control and construction companies were anything but independent contractors. Like the Rooter in *Ballet Fabrics,* Critter Control, Interstate Pest Control, and J & M Construction were independent contractors hired for their particular skills. None acted under the type of control or supervision of defendant Coccia necessary to create an agency relationship. Thus, they were independent contractors, and their statements do not fall within the parameters of Rule 801(d)(2)(D).

## Conclusion

We conclude that the trial court did not abuse its discretion when it excluded, as hearsay, the defendant's affidavit and its attachments, and we therefore uphold the Superior Court's denial of the plaintiffs' motion for a new trial. For the foregoing reasons, we deny the plaintiffs' appeal, and the judgment of the Superior Court is affirmed.